IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **SERGIO QUEZADA-LOPEZ**, <br><br> Defendant. | Case No. 3:12-cr-228-SI-01 <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

On August 25, 2014, Defendant Sergio Quezada-Lopez pleaded guilty to one count of conspiracy to distribute one kilogram or more of heroin resulting in the death of another person and one count of illegal reentry. On April 29, 2015, the Court sentenced Mr. Quezada-Lopez to a term of 180 months imprisonment, followed by five years of supervised release. Mr. Quezada-Lopez (BOP No. 90671-008) currently is serving his sentence at the Federal Correctional Institution in Fort Dix, New Jersey (FCI Fort Dix). The Bureau of Prisons has scheduled Mr. Quezada-Lopez for release on April 7, 2025.

Pending before the Court is Mr. Quezada-Lopez's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which he filed on August 9, 2024. ECF 461. In his motion, Mr. Quezada-Lopez states that he has exhausted his administrative remedies and seeks an order

PAGE 1 – ORDER

reducing his sentence to time served so that he can be promptly deported .to Mexico. In his motion, Mr. Quezada-Lopez, who is 46 years old, states that his extraordinary and compelling circumstances include the length of his sentence already served, his own health conditions, harsh prison conditions, the hardships of the COVID-19 pandemic, and lost time with his family, including his children and his ailing father. *Id.*

The Government does not dispute that Mr. Quezada-Lopez has exhausted his administrative remedies but opposes his motion on the merits. ECF 470. The Government argues that Mr. Quezada-Lopez fails to present extraordinary and compelling reasons warranting a reduction in his sentence and fails to show how his requested reduction would satisfy the sentencing factors under 18 U.S.C. § 3553(a). *Id*. Mr. Quezada-Lopez replied on September 23, 2024. ECF 474. The Court agrees with the Government.

Further, a federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as "compassionate release," to reduce a defendant's sentence when there are "extraordinary and compelling reasons." Under the original statute, only the Director of the BOP, acting on a defendant's behalf, could file a motion for sentence reduction under § 3582(c)(1)(A). *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

In the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to allow a defendant, after first requesting the BOP to move for a sentence reduction on the defendant's behalf, directly to ask the district court for a reduction in sentence. In relevant part, that statute reads:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of

>the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . *after considering the factors set forth in section 3553(a)* to the extent that they are applicable, if it finds that . . . [e]xtraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

Mr. Quezada-Lopez's early release, even as modestly early as he proposes, would undermine the sentencing factors listed in 18 U.S.C. § 3553(a). The nature of his underlying offense is significant. The sentence ordered by the Court was necessary to reflect the seriousness of this offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to future criminal conduct, and protect the public.

Because compassionate release is not warranted in this case, the Court DENIES Mr. Quezada-Lopez's motion for early release. ECF 461.

**IT IS SO ORDERED.**

DATED this 20th day of December, 2024.

>*/s/ Michael H. Simon*
>Michael H. Simon
>United States District Judge